IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PMA INSURANCE GROUP, as subrogee of Times Past, LP, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:23-cv-1786 |
| v. ) ) | Honorable Manish S. Shah |
| AMERICAN NUMISMATIC ASSOCIATION, ) ) ) ) | |
| Defendant. ) | |

**DEFENDANT AMERICAN NUMISMATIC ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant American Numismatic Association (the "ANA"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves to dismiss plaintiff PMA Insurance Group's (the "Plaintiff") complaint with prejudice. In support of this motion, the ANA respectfully states as follows:

**ALLEGATIONS IN THE COMPLAINT**

The Plaintiff, as subrogor of Times Past, LP ("Times Past"), alleges that on August 15, 2022, Times Past "participated as an exhibitor" at the ANA's 2022 World's Fair of Money convention at the Donald E. Stephens Convention Center in Chicago.[1] (Compl. [Dkt. #1], ¶ 9.) The Plaintiff alleges that various watches and coins worth $385,000 "were stolen from [Times Past's] booth" by unknown third parties. (*Id.* ¶ 11.) The Plaintiff alleges that the ANA, as host of the convention, was negligent in

---

[1] A subrogee-insurer stands in the shoes of its subrogor-insured. *Whitledge v. Klein*, 348 Ill. App. 3d 1059, 1064 (Ill. App. Ct. 2004).

"failing to properly secure the trade show" and failing to prevent "criminal acts." (*Id.* ¶ 16.) The Plaintiff paid Times Past's insurance claim for the stolen wares and now seeks to recover the value of those wares from the ANA. (*Id.* ¶¶ 12, 17, 18.)

## LEGAL STANDARD

"To survive a motion to dismiss" pursuant to Rule 12(b)(6), "the complaint must 'state a claim for relief that is plausible on its face.'" *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (quotation omitted). A plaintiff is required to "plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ARGUMENT

**I.    The Plaintiff's negligence claim is barred by the economic loss rule.**

Under Illinois law, the *Moorman* doctrine, also known as the economic loss rule, precludes recovery in tort for purely economic damages. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 85-86; *In re Chicago Flood Litig.*, 176 Ill. 2d 179, 198 (Ill. 1997) ("At common law, solely economic losses are generally not recoverable in tort actions."). Purely economic damages include "costs incurred in the absence of harm to a plaintiff's person or property," *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 423 (Ill. 2004), or property damage "caused by disappointed commercial

2

Case: 1:23-cv-01786 Document #: 20 Filed: 12/07/23 Page 3 of 9 PageID #:34

expectations . . . or other nonaccidental causes," *In re Chicago Flood*, 176 Ill. 2d at 200-01. The replacement value of goods lost through theft is an economic loss that is not recoverable in a tort action for negligence. *See Jewelers Mutual Insurance Company v. Firstar Bank Illinois*, 341 Ill. App. 3d 14, 22 (Ill. App. Ct. 2003), *aff'd*, 213 Ill. 2d 58 (Ill. 2004).

The policy underlying the economic loss rule is simple: "[B]ecause 'the economic consequences of any single accident are virtually endless,' a defendant who could be held liable for every economic effect of its tortious conduct would face virtually uninsurable risks, far out of proportion to its culpability. The economic loss rule operates to prevent such open-ended tort liability." *Beretta*, 213 Ill. 2d at 418 (quoting *In re Chicago Flood*, 176 Ill. 2d at 207). The economic loss rule is based upon the premise that contract law, rather than tort law, offers the appropriate remedies for pure economic losses. *In re Illinois Bell Switching Station Litig.*, 161 Ill. 2d 233, 240 (Ill. 1982); *Smith v. Gen. Mills Sales, Inc.*, No. 22 CV 1529, 2023 WL 2349908, at *7 (N.D. Ill. Mar. 3, 2023) (Shah, J.) (dismissing tort claims under economic loss rule; "[t]o recover for economic loss, she'd have to rely on contract law instead"). However, while the rule is "rooted in the theory of freedom to contract," it has "grown beyond its original contract-based policy justifications." *Beretta U.S.A. Corp.*, 213 Ill. 2d at 422. Thus, "'[a] plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort, regardless of the plaintiff's inability to recover under an action in contract.'" *In re Chicago Flood*, 176 Ill. 2d at 199 (quoting *Anderson Electric, Inc. v. Ledbetter Erection Corp.*, 115 Ill. 2d

3

146, 153 (Ill. 1986)) (barring tort claims for purely economic losses despite no privity of contract between the parties and no allegation of a defective product).

The Plaintiff alleges that the ANA was negligent in allowing third parties to steal Times Past's wares. (*See* Compl. ¶¶ 14-16.) The Plaintiff does not allege that Times Past suffered any bodily harm or damage to other property as a result of the ANA's negligence. Rather, the Plaintiff seeks to recover the replacement value of the stolen wares. This is precisely the sort of negligence claim that Illinois courts have held is barred by the economic loss rule. *Jewelers Mutual Insurance Company v. Firstar Bank Illinois* is instructive. In *Jewelers*, unknown third parties stole valuable jewelry from a safety deposit box that the plaintiff had leased from the defendant bank. *Jewelers Mut. Ins. Co.*, 341 Ill. App. 3d at 15-16. The complaint alleged that the bank was negligent in failing to properly monitor the vault and failing to prevent unauthorized persons from gaining access to the plaintiff's safety deposit box, and the plaintiff sought to recover the value of its stolen jewelry. *Id.* at 22. The trial court dismissed the plaintiff's negligence claim, holding that it was barred by the economic loss rule. *Id.* at 22. The appellate court affirmed, finding that where a plaintiff seeks money damages for the loss of personal property due to theft, the plaintiff "cannot recover under a negligence theory." *Id.*; *see also In re Chicago Flood*, 176 Ill. 2d at 199 (economic loss includes the cost of "replacement").

The Plaintiff's claim here is indistinguishable from the plaintiff's claim in *Jewelers*: The Plaintiff alleges that the ANA negligently failed to prevent unauthorized persons from stealing Times Past's wares, and it seeks to recover the

4

economic value of those wares. (*See* Compl. ¶¶ 12, 16-18.) At bottom, the Plaintiff complains of "defeated expectations of a commercial bargain" Times Past allegedly had with the ANA to protect its valuables. *See Anderson Elec.*, 115 Ill. 2d at 153. That is not enough to allege a tort claim. *See id.* at 150 (quoting *Redarowicz v. Ohlendorf*, 92 Ill. 2d 171, 177 (Ill. 1982)) ("'To recover in negligence there must be a showing of harm above and beyond disappointed expectations. A buyer's desire to enjoy the benefit of his bargain is not an interest that tort law traditionally protects.'") Accordingly, under well-settled Illinois law, the complaint should be dismissed with prejudice. *See id.* (barring tort claim where defendant's failure to properly supervise electrical installation caused plaintiff to incur additional costs to redo the work); *Jewelers*, 341 Ill. App. 3d at 22 (barring tort claim where defendant negligently failed to prevent theft of plaintiff's valuables).

## II. As a matter of law, the Plaintiff cannot allege that the ANA owed Times Past a duty.

The complaint also should be dismissed for another, independent reason: As a matter of law, the Plaintiff cannot allege the existence of a duty. To state a cause of action for negligence, the complaint must allege facts that establish, among other things, the existence of a duty of care. *Leonardi v. Bradley Univ.*, 253 Ill. App. 3d 685, 689 (Ill. App. Ct. 1993). It is not sufficient that a complaint merely allege that a duty exists; the plaintiff must allege *facts* from which the law will raise a duty. *Columbia Coll. Chi.*, 933 F.3d at 854 (plaintiffs must "plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct"). "The question of the existence of a duty is one of law, and, in

determining whether a duty exists, the trial court considers whether a relationship existed between the parties which imposed a legal obligation upon one party for the other party's benefit." *Leonardi*, 253 Ill. App. 3d at 689.

The complaint falls woefully short of alleging any relationship between the ANA and Times Past that would give rise to any duty at all, let alone what that duty might be. The Plaintiff alleges only that the ANA "was the host of [a] convention" at which Times Past "participated as an exhibitor." (Compl. ¶¶ 9, 10.) There is no inherent duty extending from a convention host to an "exhibitor," and the Plaintiff alleges no facts regarding where any such duty might arise or what legal obligations that duty would impose. For that reason alone, dismissal is proper. *See LaSalle Bank Nat'l Assoc. v. Paramont Props.*, 588 F. Supp. 2d 840, 852 (N.D. Ill. 2008) (dismissing negligence claim where plaintiff failed to articulate any duty recognized by Illinois law); *Xu v. Google, Inc.*, No. 21 C 1990, 2022 WL 3586166, at *1-2 (same). *See also Weidner v. Midcon Corp.*, 328 Ill. App. 3d 1056, 1060 (Ill. App. Ct. 2002) (affirming dismissal where "[n]o facts were pleaded to support the claim that defendants had a duty").

Moreover, even if the Plaintiff had attempted to allege facts to support the existence of a duty, the complaint still would be insufficient as a matter of law. The Plaintiff complains that the ANA was negligent in failing to protect Times Past from "those who attended the event to commit criminal acts." (Compl. ¶ 16.) Under Illinois law, however, a defendant has no duty to protect a plaintiff from criminal activity by third persons unless a "special relationship" exists between the parties. *Lewis v.*

6

*Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶ 9. Illinois law, following the Restatement (Second) of Torts, recognizes only four such relationships: "common carrier and passenger, innkeeper and guest, custodian and ward, and possessor of land who holds it open to the public and member of the public who enters in response to the possessor's invitation." *Simpkins v. CSX Transp., Inc.*, 2012 IL 110662, ¶ 20. The plaintiff cannot allege that the ANA falls into any of these categories. The ANA is not a common carrier, innkeeper, or custodian. Nor does the ANA possess land that it holds "open to the public." Even assuming that the ANA, as a convention host, possesses land, the Plaintiff does not allege that the convention was open to the public.[2]

Finally, regardless of whether the Plaintiff could allege a special relationship, its negligence claim still fails. A special relationship gives rise only to a duty to protect from an "unreasonable risk of *physical* harm" by third parties. *Simpkins*, 2012 IL 110662, ¶ 20 (emphasis added); *Lewis*, 2014 IL App (1st) 123303, ¶ 9 ("even where this special relationship exists, a landowner may only be held liable for physical harm caused by acts of third persons"); *C.H. v. Pla-Fit Franchise, LLC*, 2017 IL App (3d) 160378, ¶ 18 (liability in negligence for the criminal or tortious acts of third parties is limited to cases involving physical harm). Accordingly, Illinois courts have dismissed claims, like this one, where a plaintiff complains that a defendant

---

[2] Nor can it without violating Rule 11. If this case proceeds into an evidentiary phase, the evidence will show that the alleged theft of Times Past's wares occurred during the convention's "Dealer Day," *i.e.*, the day when registered dealers at the convention buy and sell items from one another. The public is not permitted onto the convention floor on Dealer Day.

7

negligently failed to protect to plaintiff's property from theft. *See Lewis*, 2014 IL App (1st) 123303, ¶ 13 ("Heartland owed plaintiff no duty to protect him from the theft of his iPhone by third persons. Accordingly, plaintiff's complaint failed to state a claim of negligence, and the case against Heartland was properly dismissed by the trial court."). For all these reasons, the Plaintiff's claim should be dismissed with prejudice.

## CONCLUSION

For all the foregoing reasons, defendant American Numismatic Association respectfully requests that the Court grant this motion to dismiss, dismiss the Plaintiff's complaint with prejudice, and award such further relief the Court deems just under the circumstances.

Dated:  December 7, 2023

Respectfully submitted,

**American Numismatic Association**

By:   /s/ Amanda N. Catalano
         One of Its Attorneys

Michael I Rothstein (ARDC #6195991)
Amanda N. Catalano (ARDC #6311024)
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
mrothstein@tdrlaw.com
acatalano@tdrlaw.com

**CERTIFICATE OF SERVICE**

I certify that today, December 7, 2023, I electronically filed the foregoing **DEFENDANT AMERICAN NUMISMATIC ASSOCIATION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** using this Court's CM/ECF service. All counsel of record will be served via the Court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

/s/ Amanda N. Catalano