# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PMA INSURANCE GROUP, as subrogee of Times Past, LP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:23-cv-1786 ) |
| AMERICAN NUMISMATIC ASSOCIATION, | ) ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, PMA INSURANCE GROUP as subrogee of Times Past, LP, by and through counsel, and for its Complaint against the Defendant, AMERICAN NUMISMATIC ASSOCIATION, hereby states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. 1332, because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists among the parties.

2. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## PARTIES

3. Plaintiff is a Pennsylvania corporation with its principal place of business at 380 Sentry Park Way in Blue Bell, Pennsylvania.

4. At all relevant times, Plaintiff was authorized to provide the insurance described

herein.

5. At all relevant times, Plaintiff provided insurance to Times Past, LP ("subrogor") under Policy number 8121010384248Y in connection with its business operations headquartered at 6222 Richmond Avenue in Houston, Texas.

6. Defendant is a corporation organized and existing under the laws of Colorado with its principal place of business at 818 N. Cascade Avenue in Colorado Springs, Colorado.

7. At all relevant times, Defendant was a nonprofit organization dedicated to educating and encouraging people to study and collect coins and related items; the Association serves collectors, the general public, and academic communities with an interest in numismatics.

8. As a result of claims made in connection with the below-described incident, pursuant to claim number L003827522 on the above-described policy, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims being pursued in this action.

## STATEMENT OF FACTS

9. On or about August 15, 2022, subrogor participated as an exhibitor in the 2022 World's Fair of Money at the Donald E. Stephens Convention Center in Chicago, Illinois; its display included a showcase of numerous valuable watches and coins.

10. Upon information and belief, Defendant was the host of the convention and responsible for obtaining and providing reasonable security.

11. Prior to August 15, 2022, subrogor had participated in numerous prior conventions hosted by Defendant, wherein Defendant was responsible for obtaining and providing reasonable security.

12. At prior exhibits, subrogor had commonly shown watches and jewelry in additions

to coins, as had many other dealers.

13. In prior conventions, subrogor had commonly shared booth space with Alhambra Coin Center and under Alhambra Coin Center's application to exhibit at conventions hosted by Defendant; moreover, this sharing of application and booth space is common practice and business custom among exhibitors at.

14. At the 2022 World's Fair of Money, subrogor once again shared an application and booth space with Alhambra Coin Center.

15. Subrogor's principal, Rob Chramosta, is listed as Additional Booth Personnel on the Bourse Application and Contract between Defendant and Alhambra Coin Center, as is Mr. Chramosta's ANA number (1106826). The Application and Contract are attached hereto as Exhibit A.

16. Upon information and belief, subrogor rented a display case from Defendant (for use in displaying his watches and coins) upon checking in at the 2022 World's Fair of Money.

17. On or about August 15, 2022, subrogor's watches and coins, worth in excess of $385,000.00, were stolen from its booth.

18. Plaintiff paid subrogor's resultant insurance claim pursuant to terms of the above-described policy, thereby becoming subrogated to the recovery rights asserted in this action.

## COUNT I – NEGLIGENCE

19. Plaintiff incorporates by reference the preceding averments as though repeated here.

20. The 2022 World's Fair of Money was presented and controlled by Defendant, including as to the event's security; yet, despite the obvious need for substantial security measures to be employed, Defendant's arrangements in that regard were unreasonably lax in that nefarious

persons – of the kind who stole subrogor's wares – were allowed into the event, as well as allowed to depart the event in possession of stolen goods *still in the display case*.

21. Defendant's negligent laxity in that regard thus directly and proximately caused subrogor's damages.

22. In particular, subrogor's damages were the direct and proximate result of the negligent and/or other standard-non-compliant acts and/or omissions of Defendant –by and through its representatives, employees, agents, subcontractors, and/or servants – as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to properly secure the event and its environs so as to prevent nefarious persons to access the event, as well as to depart the event in possession of stolen goods; and/or

        ii. failing to ensure that those who attended the event to commit criminal acts were prevented from doing so and/or prevented form absconding with the fruits of such acts.

    b. failing to adequately instruct and supervise its representatives, employees, agents, subcontractors, and/or servants so as to avoid the foreseeable risks inherent in that which is described in subparagraph (a) above; and/or

    c. failing to provide, establish, and/or follow proper and adequate controls so as to avoid the foreseeable risks inherent in that which is described in subparagraph (a) above.

23. As a direct and proximate result of Defendant's negligent acts and/or omissions, and/or its failure to meet the applicable standard of care otherwise, subrogor sustained and incurred the damages described herein, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $385,000.00.

24. As described herein, Plaintiff paid subrogor's resultant insurance claim pursuant to the above-described policy, thereby becoming subrogated to the recovery claims asserted in this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against

Defendant in an amount in excess of $385,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT

25. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully repeated here.

26. Based upon the contract existing between subrogor and Defendant, Defendant expressly and/or impliedly promised that the activities it undertook in connection with the security provided at the 2022 World's Fair of Money would be accomplished in a good and reasonable manner for the protection of subrogor and other exhibitors.

27. Pursuant to the contract, Defendant was impliedly obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

28. The Application and Contract is attached hereto as Exhibit A.

29. Based upon the facts and allegations stated herein, Defendant breached the contract.

30. Subrogor performed all conditions precedent to recover based upon such breach(es).

31. As a direct and proximate result of such breach(es), subrogor suffered the damages described herein, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $385,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $385,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

## COUNT III – BREACH OF IMPLIED WARRANTIES

32. Plaintiff hereby incorporates the allegations of the above paragraphs as though fully repeated here.

33. In furtherance of the herein-described services performed, Defendant impliedly warranted that all security services would be provided in a good and reasonable manner.

34. Based upon the herein-described improper conduct by Defendant (by and/or through its servants, employees, subcontractors, and/or agents as set forth above), Defendant breached these warranties.

35. Subrogor performed all conditions precedent to recover based upon such warranty breaches.

36. As a direct and proximate result of these warranty breaches, subrogor suffered the damages described herein, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $385,000.00

37. To the extent such damages were paid pursuant to subrogor's above-described insurance policy, Plaintiff became subrogated to recover on such damages.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Defendant in an amount in excess of $385,000.00, plus interest, costs of suit, delay damages, and such other relief as the Court deems appropriate under the circumstances.

    Respectfully submitted,

    THOMPSON BRODY & KAPLAN, LLP

    By: */s/ Matthew McLean*
    Counsel for Plaintiff

Matthew S. McLean, Esq.
Thompson, Brody and Kaplan, LLP
161 N. Clark St. Suite 3575
Chicago, IL 60601

T: 312-374-8879  
F: 312-782-3787  
McLean@tbkllp.com