UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PMA INSURANCE GROUP**, as subrogee of Times Past, LP,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN NUMISMATIC ASSOCIATION**,<br>Defendant. | Civil Action No.: 23-CV-1786 |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS ITS AMENDED COMPLAINT

Plaintiff, PMA Insurance Group, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby responds in opposition to the Motion to Dismiss filed by Defendant, American Numismatic Association, and in support thereof respectfully submits as follows:

### I. INTRODUCTION

As a preliminary matter, Plaintiff will concede Defendant's argument on the economic-loss doctrine. Plaintiff will also concede Defendant's argument regarding breach of implied warranty. Plaintiff therefore allows that its negligence and implied-breach-of-warranty counts may be dismissed.

Regarding the breach-of-contract count, however, Plaintiff argues that the facts and factual allegations contained in its Amended Complaint give rise to a contract implied in fact. Under Illinois law, "[e]ven in the absence of an express contract, an implied contract can be created as a result of the parties' actions." *iMotorsports, Inc. v. Vanderhall Motor Works, Inc*., 2022 IL App (2d) 210785, ¶ 32, 224 N.E.3d 221, 231, appeal denied, 210 N.E.3d 802 (Ill. 2023). In this case, Plaintiff's Amended Complaint contains well-pled facts and factual allegations that, when taken as true, give rise to a contract implied in fact between Defendant and Plaintiff's subrogor, Times Past, LP. By providing security personnel who failed to act reasonably by allowing unknown individuals

to carry off subrogor's property, Defendant breached the implied-in-fact contract. Thus, because Plaintiff can make out a *prima facie* action for breach of contract implied in fact, Plaintiff's breach-of-contract action should not be dismissed, and the case should be permitted to proceed into discovery.

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court should view Plaintiff's Amended Complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011)(internal citations omitted). The Court's task "is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* Plaintiff's Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff is required to "plead particularized factual content, not conclusory allegations, that allows the court to plausibly infer the defendant is liable for the alleged misconduct." *Id*.

## III. ARGUMENT

Defendant's Motion to Dismiss should be denied as it pertains to Plaintiff's breach-of-contract count. *Contra* Defendant, an enforceable contract implied in fact existed between Defendant and Plaintiff's subrogor, and said contract was breached by Defendant's failure to provide reasonable security actions.

Under Illinois law, "[e]ven in the absence of an express contract, an implied contract can be created as a result of the parties' actions." *iMotorsports, Inc. v. Vanderhall Motor Works, Inc.*, 2022 IL App (2d) 210785, ¶ 32, 224 N.E.3d 221, 231, appeal denied, 210 N.E.3d 802 (Ill. 2023). "Contracts implied in fact arise from a promissory expression that may be inferred from the facts

and circumstances that demonstrate the parties' intent to be bound." *Id.* "The only difference between an express contract and an implied contract in the proper sense is, that in the former the parties arrive at an agreement by words, either verbal or written, while in the latter the agreement is arrived at by a consideration of their acts and conduct." *Id.* "The elements of an implied-in-fact contract are the same as those of an express contract—offer, acceptance, and consideration." *Brody v. Finch University of Health Sciences/The Chicago Medical School*, 298 Ill. App. 3d 146, 154, 232 Ill.Dec. 419, 698 N.E.2d 257 (1998). Further, the plaintiff must show a mutual intent to contract, i.e., a meeting of the minds. *Id.*

In the instant case, taking all of Plaintiff's well-pleaded facts and factual allegations as true, paragraphs 11 through 16 of Plaintiff's Amended Complaint supports the existence of a contract implied in act between its subrogor, Times Past, LP, and Defendant. Paragraph 11 of Plaintiff's Amended Complaint provides that "Prior to August 15, 2022, subrogor had participated in numerous prior conventions hosted by Defendant, wherein Defendant was responsible for obtaining and providing reasonable security." Taken as true, this establishes that subrogor and Defendant were no strangers to each other, but had engaged in a sustained pattern of conduct, resulting in expectations between them *vis-à-vis* each other. Among the expectations relied upon by subrogor were that Defendant would obtain and provide reasonable security at its shows, where small items worth many thousands of dollars were being displayed.

Likewise, Paragraph 13 provides further factual support for the longstanding relationship and expectations between subrogor and Defendant, wherein "subrogor had commonly shared booth space with Alhambra Coin Center and under Alhambra Coin Center's application to exhibit at conventions hosted by Defendant; moreover, this sharing of application and booth space is common practice and business custom among exhibitors." Paragraph 14 provides that at the 2022 World's Fair of Money, "subrogor once again shared an application and booth space with Alhambra Coin Center." In Paragraph 16, Plaintiff alleges that "subrogor rented a display case from Defendant (for

use in displaying his watches and coins) upon checking in at the 2022 World's Fair of Money." This rental of the display case indicates an offer on the part of Defendant, accepted by Plaintiff's subrogor, that subrogor would be welcome to exhibit its watches and coins at the 2022 World's Fair of Money, an event for which Defendant did provide security, in the form of security contractors. Thus, according to the facts and allegations of Plaintiff's Amended Complaint, a contract implied in fact existed between Plaintiff's subrogor and Defendant.

Because the contract implied in fact necessarily required that the security of subrogor's watches and coins would be provided by Defendant, Defendant's failure to provide reasonable security constitutes a breach of the contract. As discussed by paragraphs 26 and 27 of Plaintiff's Amended Complaint, "Defendant expressly and/or impliedly promised that the activities it undertook in connection with the security provided at the 2022 World's Fair of Money would be accomplished in a good and reasonable manner for the protection of subrogor and other exhibitors," and "Defendant was impliedly obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices." By allowing unknown individual to steal watches and coins from subrogor worth in excess of $380,000.00, Defendant breached its obligations to subrogor under the contract implied in fact existing between them. In sum, because Plaintiff's Amended Complaint contains sufficient well-pleaded facts and factual allegations to support the existence of a contract implied in fact, as well as its breach, Plaintiff's breach-of-contract action should survive Defendant's Motion and this case should be permitted to proceed into discovery.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss as it pertains to Plaintiff's Breach of Contract action.

Respectfully submitted,

**de LUCA LEVINE LLC**

BY:    */s/ Benjamin D. Wharton*
      **BENJAMIN D. WHARTON**
      *Admitted Pro Hac Vice*
      301 E. Germantown Pike, 3rd Floor
      East Norriton, PA 19401
      215-383-0081 (phone)
      215-383-0082 (fax)
      bwharton@delucalevine.com
      **ATTORNEYS FOR PLAINTIFF**

**Dated:** March 1, 2024

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PMA INSURANCE GROUP, as subrogee of Times Past, LP,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN NUMISMATIC ASSOCIATION,<br>    Defendant. | Civil Action No.: 23-CV-1786 |

## CERTIFICATE OF SERVICE

  I, BENJAMIN D. WHARTON, hereby certify that a true and correct copy of the Response in Opposition to Defendant's Motion to Dismiss was served on February 28, 2024, upon counsel of record by EFC Filing.

             **de LUCA LEVINE LLC**

         BY: */s/ Benjamin D. Wharton*
           **BENJAMIN D. WHARTON**
           *Admitted Pro Hac Vice*
           301 E. Germantown Pike, 3rd Floor
           East Norriton, PA 19401
           215-383-0081 (phone)
           215-383-0082 (fax)
           bwharton@delucalevine.com
           **ATTORNEYS FOR PLAINTIFF**