## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PMA INSURANCE GROUP, as subrogee of Times Past, LP, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN NUMISMATIC ASSOCIATION, <br><br> Defendant. | Case No. 1:23-cv-1786 <br><br> Honorable Manish S. Shah |

## DEFENDANT AMERICAN NUMISMATIC ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendant American Numismatic Association (the "ANA"), by and through its undersigned counsel, submits this reply brief in support of its motion to dismiss the amended complaint of plaintiff PMA Insurance Group (the "Plaintiff"), with prejudice. The ANA respectfully states as follows:

### INTRODUCTION

In its motion to dismiss, the ANA established that the Plaintiff's negligence, express contract, and implied warranty claims—in other words, every claim the Plaintiff alleged in its amended complaint—fail as a matter of law. *See generally* Mot. (Dkt. #28). The Plaintiff now concedes these claims. *See* Resp. (Dkt. #35) at p. 1.

In an effort to avoid dismissal, the Plaintiff now argues that it should be able to proceed on a claim it never asserted: breach of a contract implied in fact. The Plaintiff's argument rests on its unilateral declaration, unsupported by any alleged facts or law, that an implied contract existed

between the ANA and Times Past. For all the reasons set forth below, that argument fails, and the amended complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

I. **The amended complaint does not contain a claim for breach of an implied contract, and the Plaintiff cannot amend its complaint through motion to dismiss briefing.**

At the most basic level, the Plaintiff's attempt to salvage a claim against the ANA fails because the amended complaint does not contain a claim for breach of a contract implied in fact. To the contrary, the amended complaint alleges a single breach of contract claim, which: a) expressly alleges that Alhambra's convention application constitutes a written contract between Times Past and the ANA; b) attaches the alleged written contract as an exhibit; and c) identifies the alleged written contract as the *only* contract that the ANA allegedly breached. *See* Am. Compl. (Dkt. #25) *at, e.g.*, ¶¶ 26, 27, 29 (claiming that the ANA breached "the contract"); 28 (identifying Alhambra's application as the contract the ANA allegedly breached). Nowhere does the amended complaint suggest that any other contract exists, let alone assert a claim for breach of any other contract. The Plaintiff cannot amend its complaint through a brief in opposition to a motion to dismiss, and the Court need not consider a claim that a plaintiff did not plead. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012).

The Plaintiff asserted a claim for breach of a written contract, and that is the only claim it can pursue. As set forth in the ANA's motion to dismiss, that claim fails for multiple reasons, including because Times Past is not a party to Alhambra's convention application and because the terms of the application bar the Plaintiff's claim. *See* Mot. (Dkt. #28) at pp. 10-11. The Plaintiff does not attempt to respond to any of these arguments, and its failure to respond operates as a forfeiture of its claim. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged

deficiencies in a motion to dismiss"). Accordingly, the amended complaint should be dismissed with prejudice.

II. **The Plaintiff's attempt to convert a claim for breach of an express contract into a claim for breach of a contract implied in fact "flies in the face of the general principles of contract law."**

Moreover, even if the Plaintiff had attempted to allege a claim for breach of an implied contract, that claim would fail because it is inconsistent with the Plaintiff's claim for breach of an express contract. As a matter of law, the Plaintiff's assertion that Alhambra's convention application is an express contract between Times Past and the ANA, under which the ANA allegedly promised to protect Times Past from theft, negates the existence of an implied contract to do the same thing. "The law is clear that an implied contract cannot coexist with an express contract on the same subject." *Maness v. Santa Fe Park Enters., Inc.*, 298 Ill. App. 3d 1014, 1022 (Ill. App. Ct. 1998) (dismissing the plaintiff's breach of implied contract claim).[1]

Additionally, as the ANA explained in its motion to dismiss, the application specifically and expressly states: a) that the ANA *did not* promise to protect Times Past from theft; b) that convention participants must obtain their own insurance against theft; and c) that convention participants release the ANA from any liability for theft. *See* Mot. (Dkt. #28) at p. 11. The Plaintiff cannot resort to quasi-contractual theories to alter the terms of the alleged contract. *See Maness*, 298 Ill. App. 2d at 1023 ("[a]llowing this cause of action to stand would enable plaintiff to sue for damages on an implied duty when that very duty had been expressly waived"). The Plaintiff's attempt to convert its claim for breach of an express contract into a claim for breach of a contract

---

[1] While a plaintiff may plead claims in the alternative, Fed. R. Civ. P 8(d)(2), the Plaintiff has not done so here. As set forth above, the amended complaint alleges that Alhambra's convention application is an express contract between Times Past and the ANA, and that is the only contract the Plaintiff alleges exists.

implied in fact "flies in the face of the general principles of contract law," and Count II should be dismissed. *See id.* (dismissing implied contract claim).

**III.     The Plaintiff fails to plead the elements of a contract implied in fact.**

Finally, regardless of whether the Plaintiff's implied contract claim is barred as a matter of law, it fails for the additional reason that the Plaintiff does not and cannot plead facts sufficient to show that an implied contract exists. As the Plaintiff admits, to show a contract implied in fact, just as to show an express contract, a plaintiff must allege offer, acceptance, consideration, and mutual consent—a "meeting of the minds"—as to the essential terms. *See* Resp. (Dkt. #35) at p. 3 (citing *Brody v. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 298 Ill. App. 3d 146, 154 (1998)).) Whether an implied contract exists depends on the objective circumstances of the transaction, not the parties' subjective understanding. *See Abrogast v. Chi. Cubs Baseball Club, LLC*, 2021 IL App (1st) 210526, ¶ 27. The Plaintiff has not alleged any of the elements of an implied contract.

**A.     The Plaintiff does not and cannot allege an offer.**

"In Illinois, the test for an offer is whether it induces a reasonable belief in the recipient that he can, by accepting, bind the sender." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 561 (7th Cir. 2012) (citations omitted). Put another way, an offer requires "'the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *Id.* (quoting Restatement (Second) of Contracts § 24 (1981)). "The circumstances of a transaction must provide the offeree with reasonable notice that the terms of a contract are being offered and that certain acts or conduct by the offeree will constitute acceptance of the offer." *Arbogast*, 2021 IL App (1st) 210526, ¶ 27. The amended complaint does not come close to alleging these requirements.

4

At the most basic level, the amended complaint does not suggest who—Times Past or the ANA—might have made an offer to contract, let alone when, where, or how the offer was made. Nor does it contain any allegations about what the terms of any such offer might be. The amended complaint should be dismissed for this reason alone. A purported offer that lacks the essential details of the bargain is not an offer to contract, "since the sender could not reasonably be expected to empower the recipient to bind him to a contract of unknown terms. *Architectural Metal Sys., Inc. v. Consolidated Sys., Inc.*, 58 F.3d 1227, 1229 (7th Cir. 1995) (though *Architectural Metal Systems* is a U.C.C. case, the Seventh Circuit has also cited it in non-U.C.C. cases (*see, e.g.*, *Wigod*, 673 F.3d at 561)).

In the absence of allegations regarding the most basic facts about the existence of an implied contract, the Plaintiff points to its conclusory allegation that Times Past shared booth space with Alhambra at *prior* conventions, and from there argues that the ANA somehow contractually agreed to allow Times Past to participate in the convention at issue here *and* to indemnify Times Past for any criminal acts of unknown third parties that might occur at the convention. The Plaintiff's argument fails for multiple reasons.

First, the amended complaint neither pleads nor implies that the ANA knew of, or agreed to, Times Past's alleged participation in prior conventions. The amended complaint does not contain a single allegation about *any interaction at all* between Times Past and the ANA regarding prior conventions, let alone any interaction that could be construed as the ANA's "manifestation of willingness" to let Times Past participate. Nor does it allege—even in conclusory fashion—that the ANA knew about Times Past's participation. Nor does the amended complaint allege when or where the prior conventions occurred or the circumstances under which Times Past participated. In *BMO Harris Bank, N.A. v. Porter*, the court held that the counter-plaintiffs' "brief

5

conversations" with the counter-defendant's employees did not establish an offer for purposes of alleging an implied contract claim because the counter-plaintiffs failed to identify which employees they allegedly spoke to and failed to allege whether those employees were authorized to act on behalf of the counter-defendant. *See* 2018 IL App (1st) 171308, ¶ 59. The Plaintiff has done even less here. It cannot point to *any* conversations between Times Past and the ANA regarding prior conventions, nor can it allege a single fact that would allow the Court to plausibly infer that the ANA knew of or agreed to Times Past's participation. That failure warrants dismissal. *See id.* ¶ 62 (dismissing implied contract claim).

Second, regardless of whether the Plaintiff could establish that the ANA knew of, and consented to, Times Past's participation in *prior* conventions, that is insufficient to allege an implied contract with respect to the convention at issue here. For a course of conduct to serve as the basis for an implied contract, "'it must be clear that the conduct relates to the *specific contract in question*.'" *Dressander v. Simplicity Fin. Mktg., Inc.*, No. 19-cv-1395, 2023 WL 2561733, at *6 (N.D. Ill. Mar. 17, 2023) (quoting *Landmark Prop., Inc. v. Architects Int'l-Chicago*, 172 Ill. App. 3d 379, 383 (Ill. App. Ct. 1988)) (emphasis added). In other words, even if the ANA had, through its past conduct, impliedly contracted with Times Past at other conventions, that conduct did not perpetually bind the ANA for all future events. If the Plaintiff wanted to allege an implied contract for the convention at issue in this lawsuit, it had to point to conduct specific to that convention demonstrating a "manifestation of willingness to enter into a bargain." *Wigod*, 673 F.3d 547, 561 (internal quotations omitted). It has patently failed to do so, and its claim should be dismissed for this additional reason.

Third, the convention application attached to the complaint belies any inference of an offer for an implied contract. Exhibits attached to a complaint supersede contradictory allegations, even

on a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). The convention application makes clear that the ANA did not impliedly offer to contract with any vendors; instead, it provided prospective vendors with a written application which contained detailed explanations of the terms and conditions for each vendor's participation at the convention, including liability waivers, booth logistics, requirements for booth personnel, and fees. *See generally* Dkt. #25-1. The Plaintiff's argument that the ANA impliedly offered to enter into a contract with Times Past is directly contrary to the exhibit attached to the amended complaint, and it should be rejected.

At bottom, the amended complaint wholly fails to allege any facts that would "provide [an] offeree with reasonable notice that the terms of a contract are being offered." *Abrogast*, 2021 IL App (1st) 210526, ¶ 27. For all these reasons, the amended complaint should be dismissed.

**B.     The Plaintiff does not and cannot allege acceptance.**

The amended complaint should be dismissed for the additional reason that it does not allege acceptance. To the extent the Plaintiff means to argue that the ANA accepted an offer to contract from Times Past, that argument fails. As set forth above, the Plaintiff has not pleaded any particularized factual content that would allow the Court to plausibly infer that the ANA consented to, or even knew about, Times Past's participation in prior conventions such that the ANA would reasonably be aware of any offer to contract. Thus, even if Times Past intended for its participation at prior conventions to constitute an offer, the ANA did not—and could not—accept it. It is axiomatic that a party cannot accept an offer it does not know exists, regardless of its course of conduct. *See Arbogast*, 2021 IL App (1st) 210526, ¶ 27 ("the conduct of a party is not effective as a manifestation of assent unless that party knows or has reason to know that the other party may infer from his conduct that he assents").

To the extent the Plaintiff means to argue that Times Past accepted an offer from the ANA, that argument also fails. Again, the amended complaint does not contain any allegations that support an inference that the ANA extended any offer to Times Past for an implied contract. The application attached to the complaint is the only medium through which the ANA offered to contract with any vendors, and that application sets forth specific requirements for vendors to accept an offer to participate in the convention, including that vendors complete the application, receive written permission from the ANA, and pay a fee. *See* Dkt. #28 at p. 10. Times Past did not do any of these things. *See id.* Under Illinois law, acceptance must strictly comply with the terms of the offer to result in a binding contract. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). Times Past failed to strictly comply with the terms of the ANA's application, and it therefore did not accept any offer from the ANA. To the extent the Plaintiff intends to allege that Times Past could have accepted an offer some other way, those allegations are contradictory to the exhibit attached to the complaint, and the exhibit supersedes those allegations. *Bogie*, 705 F.3d at 609.

C. **The Plaintiff does not and cannot allege consideration.**

The amended complaint should be dismissed for the additional reason that it does not and cannot allege any consideration supporting an implied contract. Again, the exhibit attached to the complaint, which supersedes the Plaintiff's allegations, demonstrates that vendors were required to pay the ANA a fee to participate at the convention. *See* Dkt. #25-1 at p. 1. Times Past did not pay the fee, and the amended complaint does not otherwise allege that Times Past provided anything of value to the ANA in exchange for taking a booth at the convention. *See generally* Dkt. #25. The ANA had no obligation to gratuitously provide Times Past with floor space and event security. *See De Silva v. Cinquegrani*, No. 11 C 4259, 2012 WL 4017944, at *2 (N.D. Ill. Sept.

12, 2012) (dismissing contract claim where plaintiff "has not alleged [d]efendant received a promise of something of value" in exchange for allegedly promising to help plaintiff develop software). Accordingly, the Plaintiff's claim fails.

    **D.**    **The Plaintiff does not and cannot allege a "meeting of the minds."**

Finally, the amended complaint should be dismissed because it does not allege a meeting of the minds. Implied-in-fact contracts do not exist simply because a plaintiff unilaterally determines that the defendant should owe it some contractual duty. Rather, a contract implied in fact arises only where the facts and circumstances demonstrate the parties' intent to be bound. *iMotorsports, Inc. v. Vanderhall Motor Works, Inc.*, 2022 IL App (2d) 210785, ¶ 32. To survive a motion to dismiss, a plaintiff must show that there was "a *mutual* intent to contract"—that is, a meeting of the minds to enter into a contract, and agreement with respect to the contract's essential terms. *Id.* (emphasis added). The amended complaint contains no such allegations.

First, as set forth above, the amended complaint does not and cannot allege a mutual intent to contract because it fails to allege that the ANA even knew about, let alone agreed to, Times Past's participation at any ANA-hosted convention. Moreover, any suggestion that the parties agreed that the ANA would provide Times Past with event security is belied by the convention application. Again, the application specifically and expressly states: a) that the ANA did *not* promise to protect any vendors from theft; b) that convention participants must obtain their own insurance against theft; and c) that convention participants release the ANA from any liability for theft. *See* Dkt. #28 at p. 11. The terms of the application supersede the Plaintiff's baseless allegations about the terms of an implied contract. *See County of Cook v. City of Chicago*, 229 Ill. App. 3d 173, 178-79 (Ill. App. Ct. 1992) (affirming dismissal where exhibits attached to the

complaint contradicted plaintiff's allegations regarding the terms of the alleged implied contract).

For all these reasons, the amended complaint should be dismissed.

## CONCLUSION

For all the foregoing reasons and the reasons set forth in its motion to dismiss (Dkt. #28), defendant American Numismatic Association respectfully requests that the Court grant its motion to dismiss, dismiss the First Amended Complaint with prejudice, and award such further relief the Court deems just under the circumstances.

Dated:  March 22, 2024

Respectfully submitted,

**American Numismatic Association**

By:   /s/ Amanda N. Catalano
          One of Its Attorneys

Michael I Rothstein (ARDC #6195991)
Amanda N. Catalano (ARDC #6311024)
TABET DIVITO & ROTHSTEIN LLC
209 S. LaSalle Street, 7th Floor
Chicago, IL 60604
Telephone: (312) 762-9450
Facsimile: (312) 762-9451
mrothstein@tdrlaw.com
acatalano@tdrlaw.com

**CERTIFICATE OF SERVICE**

I certify that today, March 22, 2024, I electronically filed the foregoing **Defendant American Numismatic Association's Reply in Support of Its Motion to Dismiss the First Amended Complaint Pursuant to Rule 12(b)(6)** using this Court's CM/ECF service. All counsel of record will be served via the Court's CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

    /s/ Amanda N. Catalano