UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PMA INSURANCE GROUP,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NUMISMATIC ASSOCIATION,<br><br>Defendant. | No. 23 CV 1786<br><br>Judge Manish S. Shah |

## ORDER

Defendant's motion to dismiss [28] is granted. The amended complaint is dismissed with prejudice. Enter judgment and terminate civil case.

## STATEMENT

Plaintiff PMA Insurance Group is the subrogee of Times Past, LP, and brings this lawsuit against the American Numismatic Association for damages Times Past incurred when thieves stole its watches and coins during a convention hosted by the ANA in Rosemont, Illinois.

This court has subject matter jurisdiction because the parties are of diverse citizenship and the amount in controversy is over $75,000 (the stolen property was allegedly worth more than $385,000). *See* [25] ¶¶ 3, 6, 17; 28 U.S.C. § 1332(a).* Illinois law applies. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) (federal courts sitting in diversity apply state substantive law); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (when no party raises choice of law, federal court may simply apply the forum state's substantive law).

Plaintiff's amended complaint seeks to hold the ANA responsible for the theft because it failed to provide reasonable security at the event. The asserted claims are negligence, breach of contract, and breach of implied warranties. Defendant moves to dismiss the amended complaint, and plaintiff concedes that it cannot pursue its claims for negligence and implied warranties. [35] at 1. Those claims are dismissed with prejudice.

---

* Bracketed numbers refer to entries on the district court docket, and page numbers are taken from the CM/ECF header placed at the top of filings.

Count II is labeled Breach of Contract and asserts that "the contract" is attached as Exhibit A. [25] ¶ 28; [25-1]. That contract is clear—the ANA did not guarantee any security, and the dealers renting booths released the ANA from any liability for property loss. [25-1] at 2 & ¶ 9. Times Past was not a party to that contract, *see* [25-1] (containing no reference to Times Past), but even if it were, any security deficiencies were not a breach of any promise in that contract. Without a contract between Times Past and the ANA, and without some failure to comply with a contractual duty, the amended complaint does not state a claim for breach of the attached contract. *See generally Ivey v. Transunion Rental Screening Sols., Inc.*, 2022 IL 127903, ¶ 28 (2023) (elements of breach of contract include existence of contact and breach by defendant); *Direct Energy Bus., LLC v. City of Harvey*, 2021 IL App (1st) 200629, ¶ 20 (2021) (plaintiff must show valid and enforceable contract between the parties); *Gallagher Corp. v. Russ*, 309 Ill.App.3d 192, 199 (1st Dist. 1999) (defendant's failure to comply with a duty imposed by the contract gives rise to the breach).

Plaintiff now argues that the ANA breached an implied-in-fact contract to provide security. [35] at 2–4. But plaintiff is stuck with the allegations of the amended complaint, and cannot amend the complaint in its response brief. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). And a complaint cannot rely on naked assertions or unsupported conclusory statements to state a claim. *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020).

An implied-in-fact contract is an agreement formed by the parties' conduct—an objective manifestation of a mutual intent to be bound. *Trapani Const. Co. v. Elliot Grp., Inc.*, 2016 IL App (1st) 143734, ¶¶ 41–43. The amended complaint includes allegations that "on information and belief" the ANA was "responsible" for "reasonable" security. [25] ¶¶ 10, 11. Those bare assertions (with legal conclusions about responsibility and reasonableness) do not suggest a meeting of the minds or conduct that objectively demonstrates agreement to provide security in exchange for consideration. The amended complaint also says that Times Past participated in ANA conventions and often came in on another entity's application. [25] ¶¶ 11, 13. It alleges "on information and belief" that Times Past rented a display case from the ANA. [25] ¶ 16. Although paying rent for a display case suggests consideration, nothing about it suggests that security comes with renting a box. Mere past participation in numismatic conventions does not suggest a mutual exchange between host and participant. One side's participation in an event is not objective manifestation of an agreement between two parties. Indeed any allegation that participating in a convention includes the host's promise to provide security for property would be impossible to assert—plaintiff attached a written contract demonstrating that vendors release the ANA from any property-loss claims and the presence of security personnel at these events is not a guarantee against loss.

The amended complaint does not state a claim for breach of an implied-in-fact contract, because it does not allege any agreement to provide security. Plaintiff has amended the complaint once in response to a motion to dismiss, and further amendment on this issue would be futile. Defendant's motion to dismiss is granted.

ENTER:

Date:   March 25, 2024

Manish S. Shah
U.S. District Judge

3